# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

LISA LOUGHNEY,                          :

          **Plaintiff**          :        CIVIL ACTION NO. 3:19-1101

v.                                      :              (MANNION, D.J.)
                                     (ARBUCKLE, M.J.)

CORRECTIONAL CARE, INC., *et*           :
*al.*,

          **Defendants**         :

## MEMORANDUM

Presently before the court is the April 9, 2021 Report and Recommendation ("Report") of Magistrate Judge William Arbuckle, (Doc. 86), which recommends that the Medical Defendants'[1] motion to dismiss for failure to state a claim upon which relief can be granted, (Doc. 44), with respect to the amended complaint, (Doc. 35), filed by plaintiff Lisa Loughney, as the administrator of her son Ryan Lynady's estate, raising constitutional claims pursuant to 42 U.S.C. §1983, be denied. The Report also recommends that the Medical Defendants' first motion for leave to file

---

[1]Medical Defendants are: Correctional Care, Inc., ("CCI"), a private corporation under contract to provide medical services for inmates at LCP; Edward Zaloga, D.O., president of CCI; and medical staff at LCP employed by CCI, namely, Nurses Holly Bogaski, Beth Matalonis, Cassandra Ketten, Akasha Mrykalo, and Jessica Wombacker. Only Medical Defendants remain in this case.

crossclaims against Lackawanna County and Lackawanna County Prison Officials, ("Lackawanna County Defendants"), and Dr. Mallik (who are no longer parties to this case), (Doc. 71), be deemed withdrawn pursuant to Local Rule 7.5, M.D. Pa., and that Medical Defendants' second motion for leave to file crossclaims against the stated dismissed defendants, (Doc. 74), be denied.

On April 23, 2021, Medical Defendants filed objections to the Report, (Doc. 87), and a brief in support, (Doc. 88). On May 10, 2021, plaintiff filed a brief in opposition to the Medical Defendants' objections. (Doc. 89).

For the following reasons, the Report, (Doc. 86), will be **ADOPTED IN ITS ENTIRETY** and, Medical Defendants' motion to dismiss plaintiff's amended complaint, (Doc. 44), will be **DENIED**. Medical Defendants' first motion for leave to file crossclaims against Lackawanna County Defendants and Dr. Mallik, (Doc. 71), will be **DEEMED WITHDRAWN**. Medical Defendants' second Motion for leave to file crossclaims against the dismissed defendants, (Doc. 74), will be **DENIED**. Medical Defendants' objections to the Report, (Doc. 87), will be **OVVERULED**.

## I.   STANDARD OF REVIEW[2]

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the

---

[2]Since Judge Arbuckle states the appropriate standards with respect to a motion to dismiss and with respect to a civil rights action under 42 U.S.C. §1983 in his Report, the court will not repeat them herein.

- 3 -

findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D. Pa. Local Rule 72.3. "[A] Report and Recommendation does not have force of law unless and until the district court enters an order accepting or [not accepting] it." <u>Garceran v. Morris County Prosecutors Office</u>, 2015 WL 858106, *1 (D. N.J. Feb. 27, 2015) (citing <u>United Steelworkers of Am. v. N.J. Zinc Co., Inc.</u>, 828 F.2d 1001, 1005 (3d Cir. 1987)).

## II.   DISCUSSION[3]

The remaining claims against the Medical Defendants are as follows:

Count 1:  <u>Monell</u>[4] claim against Defendants CCI and Dr. Zaloga;

---

[3]Since Judge Arbuckle stated the full procedural history and background of this case in his Report, as well as the names and positions of the remaining seven Medical Defendants, and since the parties did not object to it, the court will not repeat it herein. Additionally, the court will limit its discussion to information relevant to the objections of Medical Defendants to Judge Arbuckle's Report.

[4]*See* <u>Monell v. New York City Dept. of Social Servs.</u>, 436 U.S. 658 (1978). No doubt that *Monell* applies to private corporations, such as CCI, alleged to be acting under the color of state law. *See* <u>Defreitas v. Montgomery Cty. Corr. Facility</u>, 525 Fed.Appx 170, 176 (3d Cir. 2013).

Count 2: 14[5] due process claim, under §1983, for denial of adequate medical care/failure to prevent suicide claim[5] against Defendants Dr. Zaloga, Bogaski, Matalonis, Ketten, Mrykalo, and Wombacker;

Count 4: State Law Medical Negligence against Defendant Dr. Zaloga; and

Count 5: State Law Corporate Negligence & Vicarious Liability against Defendants CCI and Dr. Zaloga.

Judge Arbuckle analyzes the remaining claims raised by plaintiff and correctly applies the law to them, and explains why they sufficiently state cognizable claims against Medical Defendants at this stage of the case. Thus, the court will not rehash in great detail the thorough explanation in the Report.

---

[5]Since Lynady was confined in LCP pending trial on state criminal charges at the time of his arrest, i.e., a pre-trial detainee, the 14th Amendment Due Process Clause applies to plaintiff's denial of proper medical care claims as opposed to the 8th Amendment. *See* Edwards v. Northampton Cty., 663 F.App'x 132, 135 (3d Cir. 2016). "Nevertheless, because the Fourteenth Amendment affords pretrial detainees protections available to a convicted prisoner, the Court will evaluate [plaintiff's] §1983 claims under the same standard used to evaluate similar claims brought under the Eighth Amendment." Burgos v. City of Phila., 439 F.Supp.3d 470, 487 n. 79 (E.D. Pa. 2020) (citations and internal quotation omitted). *See also* Moore v. Luffey, 767 F.App'x 335, 340 (3d Cir. 2019).

First, contrary to Medical Defendants' objection, plaintiff's amended complaint sufficiently alleges that they were deliberately indifferent to Lynady's serious mental health needs.

As the court in Burgos, 439 F.Supp.3d at 487, explained:

"In order to sustain this constitutional claim under 42 U.S.C. §1983, a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" Deliberate indifference is a "subjective standard of liability consistent with recklessness as that term is defined in criminal law." To act with deliberate indifference is to "recklessly disregard a substantial risk of serious harm." "[F]inding a prison official liable for violating a prisoner's Eighth Amendment rights requires proof that the official 'knows of and disregards an excessive risk to inmate health or safety.'"

(internal citations omitted).

Additionally, "[t]he Constitution requires that prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Id. (citation omitted). "[T]he Supreme Court has established that prison officials violate the Constitution by intentionally denying or delaying access to medical care." Id. (citation omitted).

In order to state a 14th Amendment due process claim against prison medical staff for failure to prevent a pre-trial detainee's suicide, plaintiff must show:

- 6 -

> (1) that the individual had a particular vulnerability to suicide, meaning that there was a "strong likelihood, rather than a mere possibility," that suicide would be attempted; (2) that the [medical staff] knew or should have known of the individual's particular vulnerability; and (3) that the [medical staff] acted with reckless or deliberate indifference, meaning something beyond mere negligence, to the individual's particular vulnerability.

Palakovic v. Wetzel, 854 F.3d 209, 223-24 (3d Cir. 2017).

The Report specifically discusses plaintiff's allegations in her amended complaint, (Doc. 35 at 10-15), and how they plead a plausible claim for failure of the individual Medical Defendants, including Dr. Zaloga, to provide Lynady with proper mental health care during his confinement at LCP. (Doc. 86 at 2-4. See also Doc. 89 at 2-3, 8). At this stage of the case, plaintiff is not required to show a causal connection between the alleged indifference and her injury. See Burgos, 439 F.Supp.3d at 487 ("to survive summary judgment ... a plaintiff is required to produce sufficient evidence of ... causation.") (citations omitted).

Plaintiff also adequately pleads claims of entity lability under *Monell* against CCI and Dr. Zaloga. The amended complaint, (Doc. 35 at 12), alleges, in part, that:

> CCI has no policy regarding either inmate suicide or inmate detox.

> The only written documentation CCI maintains regarding detox is a half-page, sixty-five word "standing order."

- 7 -

No other guidance other than this standing order is provided to medical staff to treat detox patients.

This standing order is wholly inadequate to treat patients for detox and constitutes a violation of the standard of care for reasons including, but not limited to, the failure to require psychiatrist treatment to patients in detox.

Since the Report states the correct standard to hold an entity liable under §1983 for the constitutional torts, it will not be repeated. *See also* Burgos, *id.* at 484-85, 488. Also, to the extent that plaintiff bases her claim of lability against CCI on a failure to act theory she must allege that a CCI "policymaker [i.e., Dr. Zaloga] has failed to act affirmatively at all, [though] the need to take some action to control the [employees of CCI] is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need." *Id.* at 488.

The Report discusses how plaintiff alleges that Dr. Zaloga was aware that an unreasonable risk of harm existed to Lynady, and how he was deliberately indifferent to that risk. The Report also addresses the allegations of the amended complaint and how they state that a policy, practice, or procedure of CCI caused harm to Lynady.

Judge Arbuckle also correctly found that there is nothing in the amended complaint to show that Medical Defendants are entitled to

immunity at this stage of the case under §7114 of the Mental Health Procedures Act ("MHPA"), 50 P.S. §§7101-7503, since he points out that the pleading does not allege that Dr. Zaloga participated in any decision that Lynady be treated under the MHPA in the four days he was confined at LCP. The Report explains that immunity only applies if Dr. Zaloga or the nurses participated in a decision that Lynady be examined or treated under the MHPA. The judge also notes that after discovery, Medical Defendants may revisit this immunity claim if there is evidence showing that Dr. Zaloga and the other Medical Defendants were acting within the requirements of the MHPA with respect to Lynady and his treatment at LCP. (Doc. 86 at 24).

The MHPA provides "limited immunity for certain individuals providing care to the mentally ill", namely, "50 P.S. §7114 protects from civil and criminal liability those individuals and institutions that provide treatment to mentally ill patients, and, thus, promotes the statutory goal of ensuring such treatment remains available." Leight v. Univ. of Pitts. Physicians, 243 A.3d 126, 130 (Pa. 2020) (citing Dean v. Bowling Green-Brandywine, —— Pa. —— ——, 225 A.3d 859, 869 (2020). "This immunity protection, however, does not insulate individuals from liability for acts of willful misconduct or gross negligence." Id. (citing 50 P.S. §7114). Thus, "[the PA Supreme] Court has found an affirmative duty exists under the MHPA which requires mental

- 9 -

health professionals and institutions to avoid willful misconduct or gross negligence in the treatment of mental health patients, and imposes civil liability for a breach of that duty." *Id.* (citations omitted). As such, if plaintiff does not allege that Medical Defendants were negligent in their actual examination or treatment of Lynady, as a mentally ill person, on an involuntary basis or a voluntary inpatient basis, then their actions fall outside the coverage of the MHPA. *See* Leight v. Univ. of Pitts. Physicians, 243 A.3d at 139-40.

In her brief in opposition to Medical Defendants' objections, (Doc. 89 at 5-6), plaintiff explains:

> The MHPA applies only to "all involuntary treatment of mentally ill persons, whether inpatient or outpatient, and for all voluntary inpatient treatment of mentally ill persons." 50 P.S. §7103. The Magistrate Judge correctly recommended that this does not apply to this case because [it is alleged that] no mental health treatment was provided in this case and because Defendant Zaloga did not participate in any decisions regarding mental health treatment. Alternatively, this was the appropriate recommendation because the Pennsylvania Supreme Court recently held that the MHPA does not apply to drug detoxification treatment. Dean v. Bowling Green-Brandywine, 225 A.3d 859 (Pa. 2020). Where a patient is being treated for drug detoxification, but also suffers from a mental illness, "in order to be entitled to [MHPA] immunity, [a defendant] must have provided treatment for a mental illness, independent from and in addition to the treatment provided for [a patient's] 'drug dependance.'" *Id.* at 870. [Lynady] entered [LCP] with a history of mental illness and in active drug withdrawal. He was treated – [ ] – for drug detoxification. He was never treated for any mental health issues.

- 10 -

Plaintiff also points out that "exactly like in <u>Dean</u>, [Lynady] was treated only for detoxification. He did not receive any treatment for mental health independent from or in addition to the treatment for drug dependance. Therefore, like in <u>Dean</u>, the MHPA does not apply and Plaintiff need only establish negligence–not gross negligence. Plaintiff had clearly pled negligence and has included a certificate of merit from an appropriate professional indicating that [Lynady's] treatment fell short of the standard of care." (Id. at 6).

Thus, at this posture of the case, Medical Defendants' objection as to Judge Arbuckle's finding that they are not entitled to immunity under the MHPA will be overruled. If appropriate after discovery, Medical Defendants may re-assert their claim to immunity under the MHPA in a summary judgment motion.

Finally, the Report concludes that since Dr. Mallik and the County Defendants were dismissed from this case after a settlement of the plaintiff's claims against them was reached, the Medical Defendants' motion for leave of court to assert crossclaims against these settling defendants, (Doc. 74). should be denied. The court concurs with the Report's analysis as to this motion and its recommendation that the motion should be denied. At this point of the case, and in light of the procedural background detailed in the

Report, particularly the fact that Dr. Mallik and the County Defendants were already dismissed on November 24, 2020, (Doc. 69), the court finds that Medical Defendants' motion, (Doc. 74), must be denied. *See* In re Kelvin Manbodh Asbestos Litig. Series, 2018 WL 5084766, *22 (V.I. Super. Ct. Oct. 17, 2018) (Crossclaims cannot be asserted against nonparties and cannot be asserted "by one who is not a party to the action." And "[n]o crossclaim may be brought against a person who has been eliminated or who has withdrawn from the action, since that person no longer is a party.") Id. (citations omitted). *See also* Underwriters at Lloyd's v. Abaxis, Inc., 491 F.Supp.3d 506, 514 (N.D. Ca. 2020) ("Courts have consistently held that [a] cross-claim cannot be asserted against a party who was dismissed from the action previous to the assertion of the cross-claim.") (citations omitted). Thus, "[Medical] Defendants could not assert a Rule 13(g) crossclaim against either [Dr. Mallik] or [County Defendants], who were dismissed from the action by plaintiff prior to the filing of the crossclaim." *Id.*

As such, the Medical Defendants' motion for leave of court to assert crossclaims against Dr. Mallik and the County Defendants, (Doc. 74), will be denied. Medical Defendants' first motion for leave to file crossclaims, (Doc. 71), will be deemed withdrawn.

In sum, the court has reviewed the reasons presented by Judge Arbuckle for recommending that the Medical Defendants' motion to dismiss plaintiff's amended complaint be denied, and because the court agrees with the sound reasoning that led the Judge to the conclusions in his Report and finds no clear error on the face of the record, the court will adopt the Report in its entirety.

## III.   CONCLUSION

In light of the foregoing, Judge Arbuckle's Report, **(Doc. 86)**, will be **ADOPTED IN ITS ENTIRETY**, and Medical Defendants' motion to dismiss, **(Doc. 44)**, plaintiff's claims against them in her amended complaint, **(Doc. 35)**, will be **DENIED**. Medical Defendants' motion for leave of court to assert crossclaims against Dr. Mallik and the County Defendants, **(Doc. 74)**, will be denied. Medical Defendants' first motion for leave to file crossclaims, **(Doc. 71)**, will be deemed withdrawn. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 28, 2021**
19-1101-01

- 13 -