# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA LOUGHNEY, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-1101 |
| v. | : | (JUDGE MANNION) |
| CORRECTIONAL CARE, INC., *et al.*, | : | |
| | : | |
| Defendants/Third Party Plaintiffs | : | |
| v. | : | |
| LACKAWANNA COUNTY, *et al.*, | : | |
| Third Party Defendants | : | |

## **MEMORANDUM**

Pending before the court is the report of Judge Arbuckle, (Doc. 110), recommending the court grant Lackawanna County and its employees' ("County Defendants"), third-party defendants, motion to dismiss, (Doc. 102), Correctional Care, Inc., and its employees' ("CCI Defendants"), third-party plaintiffs, Third Party Complaint, (Doc. 94). This case arises from Ryan Lynady's, the decedent, suicide in Lackawanna County Prison, and is brought by Plaintiff Lisa Loughney, as administrator of the decedent's estate, against CCI Defendants and County Defendants alleging multiple civil rights

and state law claims. County Defendants settled with Plaintiff, and CCI Defendants subsequently filed a third-party complaint against County Defendants seeking indemnification and contribution. County Defendants seek dismissal of the third-party complaint, and Judge Arbuckle recommends this court grant dismissal.[1]

Based on the court's review of the record, the court will **ADOPT in part and NOT ADOPT in part** Judge Arbuckle's Report and Recommendation (R&R) for the reasons that follow. The court will **GRANT in part and DENY in part** County Defendants' motion to dismiss the Third Party Complaint as explained below.

I.   STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge,

---

[1] Third-Party Defendant Mallik has not sought dismissal of any claim asserted against him in the third-party complaint. As such, the claims in the third-party complaint will proceed against Defendant Mallik at this stage.

and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31. "[A] Report and Recommendation does not have force of law unless and until the district court enters an order accepting or [not accepting] it." *Garceran v. Morris County Prosecutors Office*, No. 14–2135 (CCC-MF), 2015 WL 858106, at *1 (D.N.J. Feb. 27, 2015) (citing *United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987)).

Since Judge Arbuckle states the appropriate standards for motions to dismiss and for third-party complaints under Rule 14 of the Federal Rules of Civil Procedure, the court will not fully repeat them herein. (*See* Doc. 110).

**II.    DISCUSSION[2]**

Judge Arbuckle's report organized the issues presented by County Defendants' motion to dismiss accordingly: (1) whether CCI Defendants have stated indemnification and contribution claims against County Defendants related to Plaintiff's civil rights claims; (2) whether CCI Defendants have stated an indemnification claim against Lackawanna County related to Plaintiff's negligence claims; and (3) whether CCI Defendants have stated a contribution claim against County Defendants related to Plaintiff's negligence claims. The court will address Judge Arbuckle's findings with respect to each issue and objections thereto in turn.

**A. Indemnification and contribution for civil rights claims**

Judge Arbuckle found CCI Defendants' claims for indemnification and contribution against County Defendants for Plaintiff's §1983 civil rights claims failed since "[CCI] Defendants agree that no claim of contribution or

---

[2]Since Judge Arbuckle states the relevant factual background of this case in his report, it will not be fully repeated herein.

indemnification can be brought based on [the §1983 counts in] Plaintiff's amended complaint." (Doc. 110 at 11). CCI Defendants object to this finding, arguing that, while they admittedly agreed they could not obtain contribution or indemnification for their own alleged violations of the decedent's constitutional rights, they clarified in their opposition to the motion to dismiss that they were not seeking contribution or indemnification for *their own* alleged violation of the decedent's constitutional rights, "rather they were seeking contribution or indemnification to the extent they are held liable for *County Defendants'* alleged violation of Decedent's rights." (Doc. 111 at 13) (emphasis added).

As CCI Defendants acknowledge, this court has held that "a separate third-party action seeking indemnification or contribution is not permitted under §1983." *Rocuba v. Mackrell*, No. CIV.A. 3:10-1465, 2011 WL 5869787, at *3 (M.D. Pa. Nov. 22, 2011). Indeed, "[a] majority of courts to address the issue have found that there exists no claim for indemnity or contribution for §1983 actions." *Id.* (collecting cases). The court agrees with the weight of persuasive authority holding there is no right to contribution for §1983 violations. *See Bank v. City of Philadelphia*, 991 F. Supp. 2d 523, 538 n.26 (E.D. Pa. 2014) ("[D]istrict courts within the [Third] Circuit—and a majority of courts outside it—have held that there can be no claim for contribution for

§1983 violations.") (citing *Rocuba*). However, the court will sustain CCI Defendants' objection with regard to its indemnity claim for Plaintiff's civil rights counts since it agrees with CCI Defendants that, contrary to Judge Arbuckle's report, they did not concede failure of their indemnity claim, and the court agrees that *Rocuba* is distinguishable from a case like this one involving contractual indemnity.

 First, this case is distinguishable from *Rocuba* because here we have an express contractual indemnity provision between County Defendants and CCI Defendants—the validity of which the court must accept at the motion to dismiss stage—while the third-party plaintiff in *Rocuba* was pursuing a common law right to indemnification for §1983 violations.[3] County Defendants pin their argument for dismissal of the third-party complaint with respect to civil rights indemnification on *Rocuba*: "The County Defendants submit that Judge Mannion's view [in *Rocuba*] that there exists no right to contribution or indemnity for [] §1983 claims is correct and dictates the

---

  [3] Multiple courts in the decade following *Rocuba* have noted that while the court in *Rocuba* found there is no right to contribution or indemnity for §1983 actions, it relied on cases finding only that there is no right to contribution under §1983. *See, e.g., Bank v. City of Philadelphia*, 991 F. Supp. 2d 523, 532 (E.D. Pa. 2014) ("[C]ontribution and indemnification are distinct causes of action and should be analyzed separately."); *Simonson v. Borough of Taylor*, No. 18-CV-2445, 2019 WL 6715789, at *5 (M.D. Pa. Dec. 10, 2019) (analyzing contribution and indemnification for §1983 claims separately).

dismissal of the TPC." (Doc. 103 at 14); (*see also* Doc. 116) (repeating same argument in response to R&R). While the court agrees with *Rocuba* that there exists no claim for contribution for §1983 violations, *Rocuba* says nothing about contractual indemnity.

The issue, then, is whether a third-party claim for contractual indemnity is permitted for constitutional violations under §1983. The parties have not supplied adequate briefing on this issue, and, admittedly, "federal law appears to be deficient on the right to indemnity in §1983 actions." *Simonson*, 2019 WL 6715789, at *6 (citing *Bank*, 991 F.Supp.2d at 532). Federal law emanating deficient on this issue, the court would have to turn to Pennsylvania law to determine whether it would supply a right to contractual indemnity in this case and, if so, whether allowing such a claim on these facts would be "consistent with the Constitution and federal law." *Bank*, 991 F.Supp.2d at 533 (citation omitted). The parties do not address either of these nontrivial issues.[4] At bottom, County Defendants, as the moving parties, have not supplied adequate grounds for dismissal of CCI's claim.

---

[4] Dismissal may have been appropriate at this stage if it were clear Pennsylvania provided no such right to indemnity; however, it appears that "[u]nder Pennsylvania law, indemnity is available [] (1) where there is an express contract to indemnify, or (2) where the party seeking indemnity is vicariously or secondarily liable for the indemnitor's acts." *Bank*, 991 F.Supp.2d at 537 (citation omitted). Thus, it is not clear at this stage whether CCI Defendants have failed to state a claim for contractual indemnity.

Thus, from a legal standpoint, dismissal as a matter of law would be inappropriate at this stage of the proceedings.[5]

And thus, the court will adopt Judge Arbuckle's finding with regard to the failure of CCI Defendants' contribution claim for Plaintiffs §1983 claims, but the court will not adopt the report with regard to contractual indemnification for Plaintiff's §1983 claims. The court will deny County Defendants' motion to dismiss CCI's contractual indemnification claim, at this stage of the proceedings, to the extent CCI Defendants seek indemnification for the County Defendants' alleged civil rights violations pursuant to a contractual indemnity provision.

**B. Contractual indemnification for negligence barred by PSTCA**

Next, Judge Arbuckle found that the Pennsylvania Political Subdivision Tort Claims Act (PSTCA) bars CCI Defendants' claim for indemnification against Lackawanna County for Plaintiff's negligence claims. That act

---

[5] Further factual development—unfit for a Rule 12(b)(6) motion to dismiss—is also necessary if County Defendants would have this court dismiss CCI Defendants' contractual indemnity claim as a matter of law. At the very least, the precise nature and operation of the indemnity agreement between CCI and the County (*i.e.*, what exactly did the County agree to indemnify CCI for and how would that indemnification apply, or not, in this context?) needs to be further developed to address the issue of whether, assuming indemnification is allowed for §1983 claims, a right to indemnification in this case would be inconsistent with the Constitution or federal law.

provides immunity from tort liability for government bodies and their employees unless their actions fall within certain enumerated categories of negligence not relevant here. *See* 42 Pa.C.S. §8541, *et seq*. In finding for the County, Judge Arbuckle relied on *Cromo v. SSC Caraopolic Operating Company, LP*, which held that a Pennsylvania local agency could not waive its local immunity to tort liability under the PSTCA by means of a contractual indemnity provision. *Cromo v. SSC Coraopolis Operating Co., LP*, No. CV 17-1625, 2018 WL 4403522, at *4 (W.D. Pa. Apr. 17, 2018), *report and recommendation adopted*, No. CV 17-1625, 2018 WL 4376808 (W.D. Pa. Sept. 13, 2018). Accordingly, Judge Arbuckle found Lackawanna County was likewise shielded from tort liability notwithstanding an indemnity provision in its contract with CCI Defendants. CCI Defendants object to this finding, arguing *Cromo* is factually distinguishable, non-binding authority that cites to exclusively non-binding authority. (Doc. 111 at 16–17).

The court finds no error in Judge Arbuckle's reliance on *Cromo* as persuasive authority. *Cromo* is factually similar to this case, and Judge Arbuckle did not err in adopting the reasoning therein. As Judge Arbuckle explained:

> In *Cromo*, a Community College of Beaver County nursing student was placed at West Hills Nursing Home pursuant to an Educational Training Program agreement between West Hills and the Community College. While working at West Hills, the

- 9 -

> student tripped over a bed alarm cord and sustained numerous injuries. The student sued West Hills. West Hills attempted to assert a contribution claim against the Community College by filing a third party complaint. Like in this case, the Community College argued the third party complaint should be dismissed because it was immune under the PSTCA. Also like this case, West Hills sought indemnification based on the Community College's breach of a contractual agreement and not for its actions in tort.

(Doc. 110 at 14). Moreover, the court in *Cromo* faced the same issue presented here: "whether a local agency can be held liable, pursuant to an indemnity agreement with another party, when that party is sued by a plaintiff for a claim arising in tort," *Cromo*, 2018 WL 4376808, at *4; and pursuant to the PSTCA, the *Cromo* court found it could not. The court detects no error in Judge Arbuckle's reliance on *Cromo* as persuasive authority nor in his deciding the substantially similar issue in this case in accordance therewith; thus, the court will overrule CCI Defendants' objection and adopt this section of the report.[6]

---

[6] CCI Defendants mistakenly assert there is "a key factual difference" between *Cromo* and this case—namely, the contract in *Cromo* did not contain an "express indemnity provision, but rather the contract merely stated that "West Hills will not be responsible for injuries sustained by a nursing student of CCBS." (Doc. 111 at 17). However, the *Cromo* contract did contain an indemnity provision. (*See* Doc. 110 at 14 n.19) (citing *Cromo*, 2018 WL 4403522, at *1) (Under the Educational Training Program Agreement between West Hills and the Community College, "West Hills will not be responsible for any damages claimed by any nursing students at CCBC and that the parties agree to indemnify each other against any claims,

*(footnote continued on next page)*

### C. Contribution against county employees barred by PSTCA

Lastly, Judge Arbuckle found the PSTCA barred CCI Defendants' claim for contribution against the Lackawanna County employees who enjoy the same immunity under the PSTCA as Lackawanna County unless their conduct rises to the level of "willful misconduct" or "actual malice." Judge Arbuckle explained, "The CCI Defendants do not suggest that the conduct complained of was willful or amounts to actual malice," (Doc. 110 at 18), and thus recommended dismissal. CCI Defendants object to this finding, arguing Judge Arbuckle failed to consider Plaintiff's allegations relating to actual malice or willful misconduct against the county employees which CCI Defendants incorporated by reference into their third-party complaint. (Doc. 111).

The court again detects no error in Judge Arbuckle's analysis. Judge Arbuckle correctly noted that "CCI Defendants seek contribution for the remaining negligence claims" (Doc. 110 at 18) (emphasis added)—*i.e.*, since the only remaining claims against CCI Defendants sound in negligence, and

---

costs, actions, suits, judgments, damages, liabilities, losses or expenses incurred as a consequence of any act or omission by the party from whom indemnification is sought.").

since the Third Circuit has explained "'[w]illful misconduct' in [the PSTCA] context has the same meaning as the term 'intentional tort[,]'" *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 287 (3d Cir. 2006) (citation omitted), CCI Defendants' contribution claims against the county employees are barred by the PSTCA. As pleaded in Plaintiff's Amended Complaint, the conduct upon which Plaintiff's negligence claim in Counts IV rests is the "medical negligence" of CCI Defendants. (Doc. 35). Moreover, the paragraphs of Plaintiff's complaint cited by CCI Defendants—construed with the whole of Plaintiff's complaint and CCI Defendants' third-party complaint—do not plausibly allege "willful misconduct," which, according to the Pennsylvania Supreme Court, "is a demanding level of fault" defined as "conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied." *Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006) (quoting *Renk v. City of Pittsburgh*, 537 Pa. 68, 641 A.2d 289, 293 (1994)).

Therefore, the court agrees with Judge Arbuckle's finding that CCI Defendants' attempt to circumvent the PSTCA and hold the county employees liable for negligence via contribution fails, and the court will adopt this section of the report.

### III. CONCLUSION

The court has reviewed the entirety of Judge Arbuckle's report recommending the court grant County Defendants' motion to dismiss. As explained above, the court agrees with the sound reasoning of Judge Arbuckle that led him to his conclusions in the report, except with regard to his recommendation of dismissal of CCI Defendants' claim for contractual indemnity for Plaintiff's civil rights claims. The court will thus **ADOPT in part and NOT ADOPT in part** the report, and **GRANT in part and DENY in part** County Defendants' motion to dismiss. An appropriate order will issue.

*S/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 29, 2023**
19-1101-02