UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA LOUGHNEY, | : | CIVIL ACTION NO. 3:19-1101 |
| Plaintiff, | : | (JUDGE MANNION) |
| v. | : | |
| CORRECTIONAL CARE, INC., *et al.*, | : | |
| | : | |
| Defendants/Third Party Plaintiffs, | : | |
| v. | : | |
| LACKAWANNA COUNTY, *et al.*, | : | |
| Third Party Defendants. | : | |

## MEMORANDUM

Presently before the court is the March 19, 2024, report and recommendation of Magistrate Judge William I. Arbuckle. (Doc. 137.) Judge Arbuckle recommends that Third Party Defendant Dr. Satish Mallik's motion for judgement on the pleadings, (Doc. 125), be denied in part and granted in part. No objections to this report have been filed and the time within which they were due has lapsed. For the following reasons, the report, will be **ADOPTED IN ITS ENTIRETY**.

I.  **Background**

Since the report correctly states the procedural and factual background of this case, it will not be repeated fully herein. (Doc. 137, pp. 3-9.) In short, Plaintiff is the administratrix of the late Ryan Lynady, who committed suicide on July 27, 2018, after four (4) days of confinement at the Lackawanna County Prison. At that time Dr. Mallik was engaged under an independent contractor agreement through Correctional Care Inc. ("CCI") to provide psychiatric services at the prison. Plaintiff alleges that Dr. Mallik was the only person responsible for providing mental health care and substance abuse detox at the prison but in practice only worked there for nine (9) hours a week. As a result, Dr. Mallik never provided those services to the decedent, despite other medical providers at the prison noting that the decedent was suffering from unspecified "mental illness" and was substance dependent.

On June 26, 2019, Plaintiff initiated this action against *inter alia* Lackawanna County and its employees, CCI and its employees, and Dr. Mallik alleging claims based on civil rights violations under 42 U.S.C. §1983 and common law negligence. In November 2020, the County Defendants and Dr. Mallik settled with Plaintiff out of court. On October 26, 2021, the CCI Defendants filed a third-party complaint against the County Defendants as well as Dr. Mallik in his official and individual capacity. As to Dr. Mallik, CCI

specifically asserts claims for contractual indemnity and contribution. On May 10, 2023, Dr. Mallik filed the present motion pursuant to Federal Rule of Civil Procedure 12(c).

## II.   Standard of Review

Where no objection is made to a report and recommendation, the court should as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). In any event, whether timely objections are made or not, the district court may accept, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). A motion for judgement on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *Zimmerman v. Corbett*, 873 F.3d 414, 417-18 (3d Cir. 2017). As such, the court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the

light most favorable to the nonmoving party," and may not grant the motion "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (citing *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.6 (3d Cir. 2016) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). In deciding a motion for judgment on the pleadings, "a court may only consider 'the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Id.* (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

Finally, "[i]nasmuch as Pennsylvania law governs this action[,] we treat Pennsylvania Supreme Court opinions as binding precedent and Pennsylvania Superior Court opinions as persuasive precedent." *State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 107 n.2 (3d Cir. 2009).

### III.   Discussion

Dr. Mallik argues that the CCI Defendants fail to state a valid claim against him for contractual indemnity because his independent contractor agreement does not specifically state that he must indemnify CCI. Conversely the CCI Defendants argue that the contract includes an

indemnification provision requiring Dr. Mallik to procure insurance coverage for the services he provides pursuant to the agreement. Under Pennsylvania law, "indemnity is available only (1) where there is an express contract to indemnify, or (2) where the party seeking indemnity is vicariously or secondarily liable for the indemnitor's acts. *Allegheny General Hosp. v. Philip Morris, Inc.*, 228 F. 3d 429, 448 (3rd Cir. 2000).

Here Judge Arbuckle found that both parties' interpretations of the contract are reasonable and thus the issue of indemnification remains a question of fact inappropriate for resolution at this stage of the proceedings. *See Hutchison v. Sunbeam Coal Corp.*, 519 A.2d 385, 390 (Pa. 1986) ("A contract is ambiguous if it is reasonably susceptible of [*sic*.] different constructions and capable of being understood in more than one sense.) Judge Arbuckle also notes that this court has previously questioned whether a party can seek contractual indemnity for constitutional violations under §1983. (Doc. 117, pp. 5-6.) However, neither party addresses this issue, and thus he still recommends Dr. Mallik's motion be denied with regard to the contractual indemnity claim based on Plaintiff's §1983 allegations. The court agrees with this approach and will deny the motion on this claim but without

prejudice to the parties arguing the applicability of contractual indemnity to Plaintiff's §1983 allegations at a later stage of the proceeding.[1]

Dr. Mallik also argues that the CCI Defendants fail to state a valid claim against him for indemnity and contribution because he is immune from such liability under the Mental Health Procedures Act ("MHPA"). Conversely the CCI Defendants argue that MHPA immunity does not apply to Dr. Mallik based on prior rulings in this case. The MHPA affords psychiatric providers immunity from civil liability in actions absent willful misconduct or gross negligence. 50 P.S. §§7101-7503. However, this court previously found that the MHPA does not apply to physicians who are not alleged to have participated in any decision to treat the decedent under the MHPA in the four (4) days he was confined at the Lackawanna County Prison. (Doc. 90, pp. 8-9.) Judge Arbuckle finds that the same analysis applies here because Plaintiff does not allege that Dr. Mallik was negligent in his actual examination and treatment of decedent. In fact, Plaintiff explicitly pleads that Dr. Mallik did not treat decedent or participate in any other decision about his

---

[1] Judge Arbuckle further notes that insofar as the CCI Defendants also seek common low indemnification, they do not plead such a claim in their third-party complaint and cannot amend their complaint to include such a claim through a brief in opposition. Thus, absent an amendment to their third-party complaint the CCI Defendants cannot seek indemnity from Dr. Mallik outside of contract.

- 6 -

care. Accordingly, Dr. Mallik is not entitled to MHPA immunity and his motion for judgment on the pleadings insofar as it is based on that statute will be denied but without prejudice to Dr. Mallik renewing this argument in the event evidence is produced that indicates he participated in treatment covered by the statute.

Nonetheless Judge Arbuckle recommends Dr. Mallik's motion be granted with respect to the CCI Defendants' claim for contribution based on Plaintiff's §1983 allegations because this court previously found that such a claim does not exist. (Doc. 117, p. 5) Specifically, this court previously agreed with the weight of persuasive authority that has held there is no right to contribution for §1983 violations. *See Bank v. City of Philadelphia*, 991 F. Supp, 2d 523, 538 n.26 (E.D. Pa. 2014) ("District courts within the [Third] Circuit—and a majority of the courts outside it—have held that there can be no claim for contribution for §1983 violations.") Accordingly, the CCI Defendants' claim for contribution based on Plaintiff's §1983 allegations fails as a matter of law and the court grant will grant Dr. Mallik's motion insofar as it pertains to that claim.

### IV. Conclusion

In light of the foregoing, Judge Arbuckle's Report, (Doc 137), will be **ADOPTED IN ITS ENTIRETY** as the decision of the court. Dr. Mallik's Motion

- 7 -

for Judgment on the Pleadings is **DENIED** with respect to the CCI Defendants' contractual indemnity claim and contribution claim based on Plaintiff's negligence allegations but **GRANTED** with respect to their contribution claim based on Plaintiff's §1983 allegations. An appropriate order follows.

*[signature]*

MALACHY E. MANNION
United States District Judge

**DATE: April 4, 2024**
19-1101-03